UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

MICHAEL PRINDLE,

        Petitioner,

  -v-                                                            Case # 18-CV-6864-FPG
                                                                         DECISION AND ORDER

JAMES TOMPSON,

        Respondent.
_____

    *Pro se* Petitioner Michael Prindle, an inmate confined at Collins Correctional Facility, has brought a habeas corpus petition under 28 U.S.C. § 2254. ECF No. 1. Petitioner challenges the state-court proceedings underlying his present incarceration. Respondent has filed a motion for a more definite statement under Federal Rule of Civil Procedure 12(e), seeking clarification as to the specific issues Petitioner raises in his petition.[1] ECF No. 4. Although Petitioner has yet to respond, the Court concludes that the issue is straightforward and may be resolved without further briefing. For the following reasons, Respondent's motion is GRANTED.

    Rule 12(e) permits a party to move for a more definite statement where a pleading "is so vague or ambiguous that the party cannot reasonably prepare a response." In habeas proceedings, such a motion is an appropriate mechanism to clarify the grounds on which a petitioner seeks relief if such grounds are not apparent from the petition itself. *See, e.g.*, *Wise v. Superintendent of Attica Corr. Facility*, No. 08-CV-6312, 2008 WL 4890382, at *1 (W.D.N.Y. Nov. 12, 2008) ("[Petitioner's] failure to set forth *any* information whatever regarding the factual and legal bases

---

[1] The Court notes that Respondent's motion is untimely under the scheduling order, which required that Respondent file a motion for a more definite statement within 30 days of January 9, 2019. ECF No. 3 at 2. Nevertheless, given the substantive merit of the motion, and in the interest of efficiently resolving the petition, the Court will consider the motion.

for his claims for habeas relief supports respondent's request for a more definite statement . . . ."); *see also* Rule 2(c)(1)-(2), Rules Governing § 2254 Cases (requiring that the petition specify "all grounds for relief" and the "facts supporting each ground").

The Court agrees with Respondent that the petition is unclear with respect to the grounds for relief. Petitioner did not fill out the sections of the boilerplate habeas form concerning the grounds he was raising. *See* ECF No. 1 at 6. While he summarizes the issues that he raised in his state court proceedings, he does not specify which of those issues he intends to litigate in this case. *See id.* at 10-12. Moreover, given the extensive state court proceedings that occurred in Petitioner's case—and presumably, the large number of records potentially at issue—Respondent's request for specificity as to the relevant claims is reasonable.

Accordingly, Respondent's motion for a more definite statement is GRANTED. Within 30 days, Petitioner shall file an amended petition that, in addition to the materials he has already submitted, specifies (1) every ground that he wishes to raise in support of his petition; (2) the facts supporting each ground; and (3) the relief he requests. Petitioner must forward a copy of his amended petition to the attorney appearing for Respondent. Respondent shall file an answer or other pleading within 30 days of Petitioner filing his amended petition. Petitioner will have 30 days after he receives Respondent's answer or other pleading to file a written reply.

IT IS SO ORDERED.

Dated: April 10, 2019
Rochester, New York

_____
HON. FRANK P. GERACI, JR.
Chief Judge
United States District Court